## HOME BOND CO. v. McCHESNEY.

### (Circuit Court of Appeals, Sixth Circuit. January 8, 1914.)

### No. 2529.

BANKRUPTCY (§ 178*)—TRANSFER OF ACCOUNTS—SALE OR PLEDGE—USURY.

Bankrupt corporations furnished lists of accounts receivable to intervener which, if the account were acceptable, advanced to bankrupts 75 per cent. of their face. The accounts were collected by bankrupts in the usual course of business, and the proceeds were remitted by one acting for both parties to intervener which, in practice, retained 75 per cent. and the stipulated interest and returned the remainder to bankrupts, although by the contracts it was entitled to retain the same to make good other accounts not paid. The contracts further provided that, if an account was not paid at maturity, bankrupts should "repurchase" the same by paying 75 per cent. of its face and the agreed interest. *Held,* that it was clearly the intention of the parties that bankrupts should retain an interest in the accounts, and that the transaction was not a sale, but a pledge of the accounts as security, under which the retention by intervener of sums greater than the legal interest on the advances made rendered the contracts usurious.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–274, 283, 284; Dec. Dig. § 178.*]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

In the matter of the American Fibre Reed Company and the New England Chair Company, bankrupts. From an order denying its claim to the proceeds of certain accounts, the Home Bond Company appeals. Affirmed.

For opinion below, see 206 Fed. 309.

S. M. Sapinsky, of Louisville, Ky. (James R. Duffin, Owen D. Duffin, and Duffin, Sapinsky & Duffin, all of Louisville, Ky., of counsel), for appellant.

Brown & Nuckols, of Frankfort, Ky., and Bodley & Baskin, of Louisville, Ky., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This is an appeal from an order, entered July 10, 1913, overruling exceptions of appellant to the report of a special master, confirming such report, and disallowing certain claims presented by appellant against the estates of the bankrupts. The record is made up under an agreed statement, which was entered into pursuant to Equity Rule 77 of the Supreme Court (198 Fed. xli). A petition in bankruptcy had been filed against each of the two corporations, and, after adjudication and the appointment of a trustee, the two cases were consolidated and "directed to proceed as one cause." The report of the special master and the opinion of the court below appear in 206 Fed. 309, 315. One of two similar contracts which are involved is set out in that opinion; and, since the course of business pursued under these contracts, the nature and extent of the claims so disallowed, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issue and the conclusions reached, as also the terms of the order, are shown in the report of the case, they need be only alluded to here. The special master and the district judge, upon full consideration of the issue and the evidence, concurred in the conclusion that the transactions had under the contracts were pledges, not sales, of the accounts receivable. This conclusion is decisive of the issue concerning usury; and its rightfulness is the more apparent because the record discloses to us a mutual intendment that the right at least to 20 per cent. of the full value of each of the accounts receivable was always to remain in the bankrupts, except only for purposes of security; this right could not be both sold and owned by the bankrupts. Such transactions are unlike those which in form are sales and involve the taking over of promissory notes or the like, including accounts receivable, at a discount, but with the right alike to the entire face value and proceeds.

Hence the opinion of Judge Cochran is adopted, and the order accordingly is affirmed, with costs.