FELS v. GEO. LUEDERS & CO. et al.

In re J. RHEINSTROM & SONS CO.

(Circuit Court of Appeals, Sixth Circuit. December 7, 1917.)

No. 3035.

1. BANKRUPTCY ☚191(½)—LIENS—PRIORITY.

Under Ky. St. § 2487, giving to those who have furnished materials and supplies for the carrying on of the debtor's business a lien upon such property and effects as may have been involved in such business, and section 2488, declaring that such lien shall be superior to the lien of any mortgage or other incumbrance thereafter created, the lien for materials and supplies cannot be defeated by an assignee of accounts of the bankrupt, who received his assignment after the materials and supplies were furnished, on the ground that the lien for materials did not ripen until bankruptcy occurred, and until that time it was inchoate.

2. MECHANICS' LIENS ☚16—PROPERTY INVOLVED IN DEBTOR'S BUSINESS.

Where a debtor by written instrument transferred and assigned to a creditor accounts receivable, the debtor guaranteeing the worth and collectibility of such accounts and in terms giving the creditor complete as well as sole power and authority to receive, receipt for and collect the same, though books of account were in fact retained by the debtor and all collections made by it, settlements being made at almost weekly inter-

vals, when new lists of pledged accounts and assignments thereof, accompanied by lists of accounts released, were prepared, the accounts assigned must be treated as involved in the debtor's business, the collection and assignment of accounts continuing up to within five days of the debtor's bankruptcy, and so the creditor as assignee of the accounts cannot defeat the lien created by Ky. St. § 2487, upon such property and effects of the debtor as may have been involved in such business in favor of one who furnished the debtor with supplies and materials, on the ground that the accounts were not involved in the debtor's business.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

In the matter of the bankruptcy of J. Rheinstrom & Sons Company. Samuel S. Fels asserted a lien upon certain of the bankrupt's running accounts receivable as superior to that of George Lueders & Co. and others. From an order allowing priority to the claims of George Lueders & Co. and others, Samuel S. Fels appeals. Affirmed.

W. H. Mackoy and S. M. Johnson, both of Cincinnati, Ohio, for appellant.

Leo J. Brumleve, Jr., of Cincinnati, Ohio, for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS, District Judge.

PER CURIAM. The bankrupt had been engaged in putting up and selling "Maraschino" cherries. In the distribution among creditors of the assets of owners or operators of manufacturing establishments, section 2487 of the Kentucky Statutes gave to those who had furnished materials or supplies for the carrying on of the business a lien "upon so much of such property and effects as may have been involved in such business, and all the accessories connected therewith."

In Central Trust Co. v. Lueders, 221 Fed. 829, 137 C. C. A. 387, this court held the statute constitutional, and the bankrupt's business that of operating a "manufacturing establishment," and affirmed the order of the District Court adjudging the claim of Lueders & Co. a prior claim upon the property and effects of the bankrupt involved in its business. An application for writ of certiorari to review that decision was denied. 238 U. S. 634, 35 Sup. Ct. 938, 59 L. Ed. 1499. As against general creditors, the liens of Leuders & Co., Nicholas & Co., and others similarly situated must be held established.

The present appeal involves only the claimed priority (over the liens for materials and supplies on the part of Lueders & Co., Nicholas & Co., and others similarly situated) of the asserted lien of Fels & Co. upon certain of the bankrupt's running accounts receivable, created in the course of business, under a pledge thereof to secure loans of money.

[1] The furnishing of materials and supplies by the appellees, at least in amount sufficient to exhaust these accounts, antedated their pledge to Fels & Co. One of the grounds on which the latter's claimed priority is rested is that the liens for materials and supplies did not ripen until bankruptcy occurred, and that such inchoate liens as were created by the furnishing of the materials and supplies are subordinate to the fixed rights meanwhile acquired by Fels & Co. in the same property. This contention must be rejected. Section 2488 expressly de-

clares the liens' for materials or supplies "superior to the lien of any mortgage or other encumbrance thereafter created." This we think means "created after the materials or supplies are furnished." The case in this aspect is ruled by Louisville Woolen Mills v. Tapp, 239 Fed. 463, 52 C. C. A. 341, where, construing section 2488, this court held a lien for materials superior to the landlord's lien for rent created subsequent to the furnishing of the materials.

[2] The remaining ground of asserted priority is that the accounts pledged to Fels & Co. were not "involved in" the debtor's business at the time bankruptcy occurred, but had been, by virtue of the pledge, previously withdrawn therefrom. The accounts were in terms "transferred and assigned" by a written instrument, to which a list of the accounts was attached, the debtor guaranteeing the worth and collectibility of the accounts, and in terms giving the pledgees "complete as well as sole power and authority to receive, receipt for, and collect" the accounts, and to sue for their collection in the debtor's name or otherwise; the debtor agreeing to aid the pledgees in the collection, and, if desired by them, to act as their agent therein. It was expressly provided that, in case of any exchange for, substitution of, or additions to the pledged accounts, the provisions of the original pledge should attach thereto. There was also a declaration that the rights and remedies vested in the pledgees were cumulative, and not exclusive of prior or subsequent rights or remedies.

The books of account were in fact retained by the debtor, who made, in the course of its business, all collections of assigned accounts, using the proceeds thereof in its business, as seems to have been contemplated, and rendering to the pledgees, usually at intervals of from one to two weeks (extending over a period of nearly seven months), new lists of pledged accounts and assignments thereof, accompanied by lists of "accounts released," which covered accounts collected by the pledgor— the last list having been rendered but five days before the petition for adjudication of bankruptcy.

In disposing of the case, we assume that the transaction constituted a valid pledge of the accounts assigned as of the date of delivery of the various instruments of assignment and lists of accounts. We think it clear, however, that all the assigned accounts (thus including those embraced in the list furnished five days before bankruptcy) were "involved in the [debtor's] business" within the meaning of the statute. They were surely so involved before they were pledged; they were never, in a proper sense, withdrawn from the business; while in form there was an assignment, as matter of fact the assignment was merely a security, and was so definitely expressed in the instrument of assignment. Home Bond Co. v. McChesney (C. C. A. 6) 210 Fed. 893, 127 C. C. A. 552. Indeed, the attitude of Fels & Co. as creditors down to the end of the debtor's business life is definitely admitted by their presentation and allowance, as a claim against the bankrupt estate, of the notes secured by the accounts receivable. In no view which can be taken of the case were the pledgees' rights, in our opinion, any stronger than if, in place of a pledge of accounts receivable, there had been a mortgage of tangible personal property duly filed. In the latter case,

under the decision in Woolen Mills v. Tapp, supra, the lien of Fels & Co. would have been inferior to that of the appellees; and such is the case here.

The order of the District Court is affirmed.